**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **YETI Coolers, LLC,** | **Case No.** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| **v.** | |
| **WinWin Products, Inc.,** | **Jury Trial Demanded** |
| **Defendant.** | |

**COMPLAINT**

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against WinWin Products, Inc. ("WinWin"), alleges as follows:

**Introduction**

1.      Since its founding in 2006, YETI has taken pride in its commitment to earning recognition as an innovator, developing a reputation for high-quality, distinctive outdoor products, and garnering the goodwill of its customers.  YETI designs, builds, markets, and sells gear for outdoor enthusiasts, including premium, heavy-duty coolers, drinkware, and related products.  Because of its innovative designs, high quality, and extensive promotion, YETI and its products have gained an enviable reputation and loyal following in the State of Texas and throughout the United States.  YETI's success has not gone unnoticed.

2.      This action seeks to stop defendant WinWin from unfairly benefiting from YETI's proprietary trade dress, hard-earned goodwill, and reputation.  Upon information and belief, WinWin has blatantly, willfully, and repeatedly infringed YETI's proprietary, distinctive and non-functional trade dress associated with YETI's insulated drinkware by manufacturing, marketing, promoting, distributing, and selling products that unabashedly mirror YETI's

1

products.  Upon information and belief, WinWin is seeking to unfairly capitalize off of YETI's success, confusing consumers and irreparably harming YETI's brand and exclusive trade dress rights.  WinWin's wrongful actions constitute trade dress infringement, unfair competition, and dilution under federal and Texas state law.  YETI brings this action to prevent consumer confusion and protect its business, trade dress, goodwill, and reputation.

### The Parties

3.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.  YETI designs, markets, and sells high-quality, distinctive outdoor products throughout the United States and around the world.

4.     Upon information and belief, WinWin Products, Inc. is a corporation organized under the laws of the State of Texas with a principal place of business at 11410 Grissom Lane, Dallas, TX 75229, that does business under the name WinWin.  Upon information and belief, WinWin, primarily sells imported merchandise, apparel, accessories, gifts, and novelties to national and regional retailers.  Upon information and belief, WinWin and its officers and agents have knowledge of, direct, control, supervise, and/or contribute to the unlawful activities set forth in this complaint.

5.     Upon information and belief, Yung Lee is the registered agent, president, director, and secretary of WinWin, and Mr. Lee has a business address at 2986 Congressman Lane Dallas, TX 75220.  Upon information and belief, Mr. Lee directs, controls, supervises, and/or contributes to WinWin's unlawful activities set forth in this complaint.  Upon information and belief, Mr. Lee has a direct financial interest in such unlawful activities.

**Jurisdiction and Venue**

6.     This is an action for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

7.     This Court has subject matter jurisdiction of the Lanham Act causes of action (e.g., Counts II, III, and IV set forth below) pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).  This Court has subject matter jurisdiction of the remaining causes of action pursuant to at least 28 U.S.C. §§ 1338(b) and 1367, and/or because the actions arise from the same operative facts as the Lanham Act causes of action.

8.     This Court has personal jurisdiction over WinWin because WinWin is a Texas corporation conducting business in the State of Texas, including in this District.  For example, (i) WinWin has and continues to advertise, promote, offer for sale, sell, and/or distribute infringing products to customers and potential customers, (ii) WinWin's tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and (iii) WinWin's customers and/or potential customers reside in the State of Texas, including in this District.

9.     Venue is proper in this District because WinWin is subject to personal jurisdiction in this District, and pursuant to at least 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein arouse in this District, including WinWin's unlawful activities and WinWin's tortious injury to YETI.

**YETI's Business and Intellectual Property Rights**

10.     YETI was founded in 2006 with the simple mission of building quality coolers to be used every day by the serious outdoor enthusiast.  Since its inception, YETI has expanded its

product offerings to include various other high-quality products, including the insulated drinkware products at issue in this complaint. Quality guides every aspect of YETI's product design and manufacturing, and the company has gained a hard-earned reputation for providing premium products that are unsurpassed in terms of quality, durability, and design. In the United States, YETI distributes its products through various retail stores and directly to consumers through its web site at www.yeti.com.

11. For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware. YETI's drinkware includes, among others, the "YETI 30 oz. Rambler™ Tumbler" and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumblers."

12. YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumblers. The Rambler™ Tumblers embody unique, distinctive, and non-functional designs, and YETI has extensively and continuously promoted and used these designs for years in Texas and throughout the United States. The Rambler™ Tumblers have been featured prominently in YETI's website in addition to marketing, advertising, and other promotional materials in Texas and throughout the United States. YETI has invested tens of thousands of dollars to promote the Rambler™ Tumblers and develop the loyal following of consumers in Texas and throughout the United States, resulting in significant sales for the company.

13. Through that extensive and continuous use, YETI's designs in the Rambler™ Tumblers have become well-known indicators of the origin and quality of YETI's drinkware products. These designs have acquired substantial secondary meaning in the marketplace and have become famous. Through widespread and favorable public acceptance and recognition,

YETI's Rambler™ Tumblers enjoy tremendous goodwill and have become an asset of tremendous value as a symbol of YETI's products.  As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of the Rambler™ Tumblers.

14.     The Rambler™ Tumblers designs possess distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumblers designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired through such use, YETI owns proprietary trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

15.     Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
| --- |
|  |

16.     As shown in Illustration 1 above, the YETI 30 oz. Rambler™ Tumbler embodies a distinctive combination of elements and configurations that, in total, comprise a distinct, non-functional product design that identify to consumers that the origin of the YETI 30 oz. Rambler™ Tumbler is a single source, YETI.   Some of the discrete elements that comprise YETI's protectable trade dress for its YETI 30 oz. Rambler™ Tumbler shown above include, but are not limited to:

(i)     the visual flow of the YETI 30 oz. Rambler™ Tumbler;

(ii)     the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler;

(iii)     the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler;

(iv)     the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler;

(v)     the style, design, and appearance of design aspects of the YETI 30 oz. Rambler™ Tumbler;

(vi)    the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler;

(vii)   the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler;

(viii)  the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler;

(ix)    the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler;

(x)     the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler;

(xi)    the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler;

(xii)   the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler;

(xiii)  the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler;

(xiv)   the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler;

(xv)    the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler, e.g., the clear lid and stainless steel body; and

(xvi)   the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

17.    Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.

| **Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler.** |
| :---: |
|  |

18.    As shown in Illustration 2 above, the YETI 20 oz. Rambler™ Tumbler embodies a distinctive combination of elements and configurations that, in total, comprise a distinct, non-functional product design that identify to consumers that the origin of the YETI 20 oz. Rambler™ Tumbler is a single source, YETI.  Some of the discrete elements that comprise YETI's protectable trade dress for its YETI 30 oz. Rambler™ Tumbler shown above include, but are not limited to:

(i)     the visual flow of the YETI 20 oz. Rambler™ Tumbler;

(ii)    the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler;

(iii)   the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler;

(iv)    the visual connection and relationship between the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler;

(v)     the style, design and appearance of design aspects of the YETI 20 oz. Rambler™ Tumbler;

8

(vi)     the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler;

(vii)    the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler;

(viii)   the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler;

(ix)     the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler;

(x)      the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler;

(xi)     the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler;

(xii)    the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler;

(xiii)   the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler;

(xiv)    the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler, e.g., the clear lid and stainless steel body; and

(xv)     the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

19.     YETI's trade dress in the Rambler™ Tumblers is non-functional.  For example, the distinctive combination of elements and configurations described above with respect to the YETI 30 oz. Rambler™ Tumbler and YETI 20 oz. Rambler™ Tumbler (i) are not essential to the use or purpose of the products, (ii) do not affect the cost or quality of the products, (iii) do

not put competitors at a significant non-reputation-related disadvantage, and (iv) are not covered by a patent.  Indeed, there are many alternative, non-infringing product configurations and designs available for insulated drinkware as demonstrated by, for example, the countless other insulated drinkware products in the market that do not infringe YETI's trade dress.

20.    As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that have been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, all before WinWin commenced its unlawful activities.  Because of YETI's substantial investments, consumers have come to uniquely associate YETI's trade dress as source identifiers of YETI. Indeed, YETI has experienced substantial demand for the Rambler™ Tumblers.  Widespread and favorable public acceptance and recognition have made YETI's trade dress assets of tremendous value as symbols of YETI's business and products.

### WinWin's Unlawful Activities

21.    After years of YETI's sales and advertising of the Rambler™ Tumblers, WinWin commenced its unlawful activities without the permission or authorization of YETI.  Upon information and belief, WinWin had knowledge and notice of YETI's intellectual property rights before purposefully advertising, promoting, offering for sale, selling, and distributing, insulated drinkware in Texas and throughout the United States that violates YETI's intellectual property rights, including YETI's trade dress in the Rambler™ Tumblers.  Upon information and belief, WinWin is also making and/or importing its infringing products into the United States. WinWin's infringing products are confusingly similar imitations of YETI's Rambler™ Tumblers based on size, shape, color, dimensions, and design.  WinWin's unauthorized use in commerce of a product design and packaging that is confusingly similar to YETI's trade dress in its

Rambler™ Tumblers constitutes trade dress infringement, unfair competition and dilution under federal and Texas state law.

22.     Illustrations 3 and 4 below show examples of WinWin's infringing products.

| **Illustration 3: Exemplary Image of WinWin's 30 oz. Infringing Product.** |
| --- |
|  |

| **Illustration 4: Exemplary Image of WinWins' 20 oz. Infringing Product.** |
| --- |
|  |

23.     Upon information and belief, WinWin has and continues to manufacture, market, promote, distribute, and sell the infringing products shown in Illustrations 3 and 4 in Texas, including in this District, and throughout the United States.  The design of WinWin's infringing

products are confusingly similar to YETI's trade dress in its Rambler™ Tumblers.  There is no competitive necessity for slavish copying of YETI's Rambler™ Tumblers.  As discussed, there are many alternative, non-infringing product configurations and designs available for insulated drinkware.  Instead of creating its own designs, upon information and belief, WinWin has blatantly and intentionally copied YETI's Rambler™ Tumblers to gain an unfair advantage.  Upon information and belief, WinWin's activities have usurped YETI's customers and the consuming public by falsely and misleadingly representing that YETI is the source or in some way affiliated with WinWin and its infringing tumblers, when YETI has no connection with WinWin.

24.    Because of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware bearing YETI's trade dress, WinWin was or should have been fully aware of YETI's trade dress rights before it commenced its infringing activities.  WinWin's notice of YETI's trade dress is further bolstered by the prominence of YETI's name and recognition for high-quality, distinctive outdoor products that has garnered the goodwill of its customers throughout Texas and the United States.  Upon information and belief, WinWin had knowledge of YETI's trade dress prior to purposefully advertising, promoting, offering for sale, selling, and distributing, insulated drinkware in Texas and throughout the United States.  Upon information and belief, WinWin's unlawful activities were and continue to be conducted with actual knowledge of YETI's trade dress and the enforceability of the same, such that WinWin's actions constitute willful, wanton, and bad faith infringement of YETI's trade dress.

25.    As a result of WinWin's activities related to the infringing products, there is a strong likelihood of confusion between WinWin and its products on the one hand, and YETI and its products on the other hand.  Indeed, YETI has already experienced actual confusion.  It

received correspondence from a purchaser of WinWin's infringing products who mistakenly believed that YETI is the source of WinWin's products.

26.     YETI used its trade dress extensively and continuously before WinWin began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before WinWin commenced unlawful use of designs that violate YETI's trade dress.

27.     As discussed above and as set forth in the counts below, WinWin's actions are unfair and unlawful.

**Notice to WinWin**

28.     On December 8, 2016, YETI sent a cease and desist letter to advise WinWin of YETI's trade dress and WinWin's unlawful activities.  Specifically, YETI's letter identified YETI's trade dress in its Rambler™ Tumblers and WinWin's marketing, advertising, promoting, offering for sale, and selling of nearly identical and infringing 30 oz. and 20 oz. stainless steel tumblers.  YETI's letter further stated that WinWin's actions constituted unauthorized use of YETI's trade dress in violation of federal, state and common law, and demanded that WinWin immediately cease and desist its unlawful activities.   WinWin, through its counsel, acknowledged receipt of YETI's letter.

29.     Notwithstanding the foregoing notice, WinWin continues to engage in its unlawful activities by continuing to market, advertise, promote, offer for sale, and sell its infringing products shown in Illustrations 3 and 4 without permission or authorization of YETI.

**Harm to YETI**

30.     Upon information and belief, the relevant public and the trade will be confused, mistaken and deceived into wrongfully attributing to YETI the source, sponsorship, or affiliation

of WinWin's products as a result of WinWin's unlawful use of YETI's trade dress in its Rambler™ Tumblers.  YETI has no control over the quality, distribution, or sales of WinWin's products.  Such confusion and dilution threatens YETI's hard-earned market for its Rambler™ Tumblers, and will irreparably injure YETI's goodwill, business reputation, and intellectual property.

31.     WinWin's actions as described above (1) are likely to affect interstate commerce by deceiving or confusing the public throughout the nation, including in the State of Texas and this District; (2) constitute a false designation of the origin of WinWin's goods; (3) suggest a non-existent connection or affiliation between WinWin and YETI and its propriety trade dress in its Rambler™ Tumblers; (4) falsely suggest that YETI has sponsored, licensed or approved of WinWin's products and/or business; and/or (5) dilute, damage, blur and tarnish the distinctive quality and value of the YETI's proprietary and distinctive trade dress.  Such confusion, infringement, unfair competition and dilution is and will continue to irreparably injure YETI's goodwill, business reputation and intellectual property and trade dress.

### Count I:
### Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103

32.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

34.     YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  For years, YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas by marketing, advertising, promoting, offering for sale, and selling insulated drinkware products

bearing YETI's trade dress.  Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with the infringing products.

35.    WinWin's unauthorized use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

36.    WinWin's impermissible use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

37.    On information and belief, WinWin's unlawful use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as

demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

38.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least WinWin's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count II:
### Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

39.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  WinWin's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of WinWin with YETI and as to the origin, sponsorship, and/or approval of WinWin's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

41.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with the infringing products.

42.     WinWin's unauthorized use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

43.     On information and belief, WinWin's impermissible use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

44.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least WinWin's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count III:
### Unfair Competition and False Designation of Origin under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

45.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because WinWin has obtained an unfair advantage as compared to YETI through WinWin's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of WinWin's infringing products, at least by creating the

false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

47.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with the infringing products.

48.     WinWin's unauthorized use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

49.     On information and belief, WinWin's impermissible use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

50.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least WinWin's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

51.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with the infringing products.

54.     WinWin's unauthorized use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

55.     WinWin's impermissible use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has

no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

56.     On information and belief, WinWin's unlawful use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least WinWin's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count V:**
**Common Law Trade Dress Infringement**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because WinWin's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

60.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.

Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with its infringing products.

61.     WinWin's unauthorized use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

62.     On information and belief, WinWin's impermissible use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

63.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, WinWin's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of WinWin's goods, by simulating YETI's trade

dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of WinWin's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  WinWin has also interfered with YETI's business.

66.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with its infringing products.

67.     WinWin's unauthorized use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

68.     On information and belief, WinWin's impermissible use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

69.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, WinWin's profits, punitive damages, costs, and reasonable attorney fees.

### Count VII:
### Common Law Misappropriation

70.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute common law misappropriation.

72.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.   WinWin has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because WinWin was not burdened with the expenses incurred by YETI.   WinWin has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of WinWin's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

73.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.   Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's

trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress in connection with its infringing products.

74.     WinWin's unauthorized use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.  Moreover, as a result of its misappropriation, WinWin has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.

75.     WinWin's misappropriation of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

76.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, WinWin's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

77.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 76 as though fully set forth herein.

78.     WinWin's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least

because WinWin has wrongfully obtained benefits at YETI's expense.  WinWin has also, inter alia, operated with an undue advantage.

79.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  WinWin has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  WinWin has not been burdened with the expenses incurred by YETI, yet WinWin is obtaining the resulting benefits for its own business and products.

80.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before WinWin commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing products.

81.     WinWin's unauthorized use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler™ Tumblers, and YETI's brand in general.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  WinWin has wrongfully obtained and is wrongfully obtaining a benefit at YETI's

expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

82.     WinWin's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  WinWin's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by WinWin's continuing disregard for YETI's rights, even after explicit notice of its unlawful actions by YETI.

83.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least WinWin's profits.

## DEMAND FOR JURY TRIAL

84.     YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, YETI respectfully prays for:

1.     Judgment that WinWin has (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) infringed YETI's trade dress in violation of 15 U.S.C. § 1125(a); (iii) engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (iv) diluted YETI's trade dress in violation of 15 U.S.C. § 1125(c); (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by WinWin were willful;

2.     A permanent injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment by WinWin, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell,

distributing, importing, or advertising WinWin's infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing WinWin to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, confusingly similar design, or colorable imitation of YETI's trade dress in WinWin's possession or control, (iii) all plates, molds, and other means of making the infringing products in WinWin's possession, custody, or control, and (iv) all advertising materials related to the infringing products in WinWin's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing WinWin to prepare a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of WinWin's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.    Such other and further relief as this Court deems just and proper.

Dated:  February 22, 2017                    Respectfully submitted,

                                             By: _/s/ Kevin J. Meek_____
                                                  Kevin J. Meek
                                                  Texas Bar No. 13899600
                                                  kevin.meek@bakerbotts.com
                                                  Tecuan Flores
                                                  Texas Bar No. 24084569
                                                  tecuan.flores@bakerbotts.com
                                                  Baker Botts L.L.P.
                                                  98 San Jacinto Blvd., Suite 1500
                                                  Austin, Texas 78701
                                                  Telephone: (512) 322-5471
                                                  Facsimile: (512) 322-3622

                                                  Paul J. Reilly (pro hac application forthcoming)
                                                  Texas Bar No. 24091605
                                                  paul.reilly@bakerbotts.com
                                                  Baker Botts L.L.P.
                                                  2001 Ross Ave, Suite 600
                                                  Dallas, Texas 75201
                                                  Telephone: (214) 953-6849

                                             **ATTORNEYS FOR YETI COOLERS, LLC**